.W. W. HULINGS *v.* WILLIAM MARTIN.

**Statute of Limitations—Jurisdiction.**

> The statute of limitations continues to run until an action is commenced in a court having jurisdiction.

**Jurisdiction.**

> The beginning of an action in a county where defendant does not live and the service of process on him in a county where he lives, other than the county in which the action is brought, gives the court no jurisdiction, and the commencing of such an action will not prevent the statute of limitations from running.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

### January 21, 1875.

OPINION BY JUDGE COFER:

Process was served upon the appellee in Jefferson county, and the common pleas court had jurisdiction of the case. Sec. 106, Civil Code.

The law and facts were submitted to the court, and the facts stated in the answer were admitted to be true; and as it does not appear from the record what evidence was heard on the trial, it must be presumed that the evidence, if any was heard, authorized judgment to be rendered for the appellee.

If it be assumed that the facts stated in the answer and admitted to be true, constituted all the evidence heard on the trial, then the judgment rendered was more favorable to the appellant than he was entitled to. It is not important upon what ground the court dismissed the petition, if the dismissal was right on any ground, the judgment must be affirmed.

One of the facts stated in the answer and admitted to be true, is that the appellee resided in Shelby county when the suit was commenced, and that this was known to the appellant at the time. Whether the Jefferson common pleas court would acquire jurisdiction depended wholly upon the accident whether the appellee would come into the county, so that a summons might be served on him there. Until process was served in Jefferson county, that court had no jurisdiction; and when it acquired jurisdiction, and not until then, did the action suspend the running of the statute; and as more than fifteen years had then elapsed after the action, the note was barred.

It is not a question whether the appellant prosecuted his action in good faith; this might be admitted without in any way affecting the question. Until an action was commenced in a court having jurisdiction, the statute continued to run; and as the Jefferson court of common pleas had no jurisdiction of the person of the defendant except by service of a summons in that county, its jurisdiction never

attached until the summons was served. If the action had been commenced in Shelby at the time the petition was filed in Jefferson, and process had not been served until the time at which it was served in this case, the question of diligence and good faith in prosecuting the action would have arisen, for as appellee's residence was then in Shelby, the court of that county would have had jurisdiction from the filing of the petition; and a summons issued in good faith there would have suspended the statute. Secs. 106, 107, Civil Code.

Judgment *affirmed*.

*John B. Cochran, for appellant.*
*Dupey & Middleton, for appellee.*